UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In re:

ATKINS II, ERNEST,

        Debtor.

_____/

Case No. 07-64841-wsd

Chapter 13

Hon. Walter Shapero

## OPINION REGARDING DEBTOR'S COUNSEL'S APPLICATION FOR COMPENSATION

This matter originally came before the Court upon Debtor's Counsel's Application for Compensation. (Docket No. 70). The Trustee objected to that Application and a hearing was held on August 25, 2008. Debtor was present at the hearing and objected to the fees as he felt he was provided with inadequate legal representation. An Order Denying Debtor's Counsel's Fee Application for Compensation Without Prejudice was issued on August 28, 2008. The Order provided that if Debtor's Counsel chose to file a new fee application, the following issues needed to be addressed:

(1) The specific time entry objections set forth in Trustee's Objection (Docket No. 73);
(2) How fifteen (15) professionals and paraprofessionals could work on this matter without causing unnecessary duplication, and why it was necessary that so many do so;
(3) Why each of the adjournments were required in this matter;
(4) Why $0.25 per photocopy is a reasonable amount to be reimbursable as an expense;
(5) Why $2.00 per page for facsimile is a reasonable amount to be reimbursable as an expense;

(Docket No. 75). Debtor's Counsel then filed the instant Amended Application for Compensation. (Docket No. 76).[1]

---

[1] Despite counsel's statement at the August 25, 2008 hearing that the fee was going to be reduced by $84.00, the amended application was not reduced by this agreed amount and included fees in the amount of $5031.43 and expenses of $416.52, for a total of $5,447.95, rather than the agreed upon total of $5,363.95.

1

As the Court must do in every case, and particularly here, where the Debtor objects and alleges inadequate representation (as the representation failed to produce the desired result of plan confirmation within a reasonable time), the application must be carefully reviewed.

**I.**

Section 330 of the Bankruptcy Code allows the Court to award an attorney "reasonable compensation for actual, necessary services[,]" and "reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1)(A) and (B). "Analytically, Section 330(a) sets up a two-tiered test for determining whether and in what amount to compensate bankruptcy attorneys and other professionals. First, the court must be satisfied that the attorney performed *actual and necessary services*. Second, the court must assess a reasonable value for those services." *In re Gencor Industries, Inc.,* 286 B.R. 170, 176-177 (Bkrtcy. M.D. Fla. 2002) (emphasis added). Necessary services are those services that the Court determines "were reasonably likely to benefit the debtor's estate and were necessary for the administration of the case." *In re Kloubec,* 251 B.R. 861, 864 (Bkrtcy. N.D. Iowa 2000).

The Court has difficulty finding that all of the services set forth in the amended fee application were necessary. Clearly, the services failed to produce results beneficial to the estate, i.e., a confirmed plan with repayment to creditors. To the contrary, Debtor was so frustrated by repeated adjournments of confirmation hearings for the same issues, and the confusion resulting from having a new and unfamiliar lawyer at each hearing, that he voluntarily dismissed his case prior to confirmation.[2]

"[T]he majority of Courts agree that the results obtained is a major factor in determining whether the services at least bestowed a benefit upon the estate." *In re Unitcast, Inc.,* 214 B.R. 992, 1008-1009 (Bkrtcy. N.D. Ohio 1997). The Court considers this a significant factor in this case based on the objections of the Debtor, who credibly argued that he could not afford the repeated attempts to reach confirmation, and eventually had to dismiss his own case. The Debtor stated that he could not understand what his attorneys actually did for him. He maintains that he

---

[2] Interestingly, Debtor met yet another new lawyer for the first time at the August 25, 2008 hearing for the fee application. This new attorney was unable to answer all of the Court's questions and was not one of the fifteen or sixteen professionals that previously worked on the case as listed on the Application for Compensation.

2

complied with his various attorneys' instructions and provided all documentation that was requested. Yet, each time he took off work to attend a confirmation hearing, the hearing was adjourned due to missing information or documentation that he had already provided to someone at Weik's office. Compounding his frustration, each time he came to court he met a new attorney, and the new attorney never had the information that he provided to the previous attorney. Finally, after five adjourned confirmation hearings, Debtor's frustration led him to voluntarily dismiss the case.

Other decisions in this district have noted: "If any actions by the attorney had contributed to the dismissal [by the debtor], then a reduction in fees would be warranted." *In re Pinkins,* 213 B.R. 818, 824 (Bkrtcy. E.D. Mich. 1997). Here it is clear that the frustration the Debtor felt, which resulted in the voluntary dismissal of his case, was based on the services provided by his attorneys and their failure to achieve a confirmation in a timely manner. Debtor's credible description portrays a situation in which legal services, while rendered, were not necessary because they were not performed in such a way as to be beneficial to the estate. Only those services which were beneficial to the estate can be compensated, and here, that precludes compensation for many of the entries on the application. It is the Applicant's burden to prove the "necessity" of the services rendered, and here, the only services for which such burden is met are those involving the initial consultation and drafting and filing of the schedules.

## **II.**

Similarly diminishing the benefit provided to the estate by Debtor's counsel is the duplication of services. In this case, fifteen[3] legal professionals worked on Debtor's Chapter 13 case, making duplication almost unavoidable. The Court recently noted that a system involving twelve to fourteen legal professionals "is inherently inefficient, imposing otherwise avoidable cost to the estate and creditors." *In Re Belcher,* 08-52516 (Bankr. E.D. Mich., February 5, 2009) and 07-58497 (Bankr. E.D. Mich., January 30, 2009). In this case, a review of the time entries highlights this exact point. For example, on May 5, 2008, one attorney prepared and e-filed the Debtor's Chapter 13 Confirmation Hearing Certificate. The confirmation hearing was

---

[3] There could have been sixteen legal professionals, which was the number of names recorded as having worked on the case, but the Debtor appears to have only been charged for fifteen of them.

adjourned[4] and a different attorney reviewed the file and status of the bankruptcy case on May 14, 2008. This new attorney then prepared and e-filed the Debtor's new Chapter 13 Confirmation Hearing Certificate on May 20, 2008. Thus, there were two different attorneys essentially doing the same thing, a week apart. This is just one of the more flagrant examples of duplication present in this Application, and is by no means isolated.

### III.

Finally, the expenses sought by Debtor's Counsel cannot be awarded in their entirety as they are not "actual" expenses. In order for this Court to reimburse Debtor's counsel for expenses, those expenses must be "actual, necessary expenses." 11 U.S.C. § 330 (a)(1)(B). The Court finds it difficult to believe a fee of $0.25 per copy and $2.00 per facsimile is the actual expense incurred by Weik, so this Court requested further information. The information provided by Weik was that a fee of $0.25 per copy was reasonable because "the court charges $0.50 per photocopy" and the Fee Agreement signed by the Debtor stated that the Debtor would be charged for photocopies and facsimiles. (Docket No. 76, p. 10).[5] Weik also opines that "[a] charge of $2.00 per facsimile is a reasonable amount to be reimbursed as office stores such as Kinko's charges from $2.00-$3.00 per facsimile." *Id.* As this Court noted in *Belcher,* the amount charged by the Clerk's Office for photocopies is irrelevant because "the Clerk's Office is charging that amount, in part at least, as a revenue source; and second, they are providing a certified copy of a document." *In Re Belcher,* 08-52516 (Bankr. E.D. Mich., February 5, 2009) and 07-58497 (Bankr. E.D. Mich., January 30, 2009). In accordance with § 330(a)(1)(B), the Court will only reimburse for "***actual,*** necessary expenses." Weik has failed to provide any evidence that it actually costs them $0.25 to make a photocopy and $2.00 to send a facsimile. Therefore, because these charges do not appear to be the amount *actually* incurred by Weik, the Court will not reimburse them as such.

---

[4] This was the second adjournment of confirmation hearing out of the five adjournments before Debtor voluntarily dismissed his case.

[5] In fact, the Rule 2016(b) Statement and Weik's Retainer Agreement provide that the fee does not include the "[c]ost for copying and postage for any work incurred post-confirmation." By implication, this would seem to mean that the retainer does cover the cost of copying and postage for any work incurred pre-confirmation. As discussed at length above, the plan in this case never reached confirmation.

4

## IV.

For the reasons set forth above, this Court imposes a material reduction of fees and expenses to be awarded to Weik & Associates that in its view represents an amount which equates to the stated deficiencies. The Court awards counsel a total of $1,000 for fees and $90.27 for expenses.

An order is being entered concurrently.

**Signed on March 23, 2009**

                                            **/s/ Walter Shapero**
                                        **Walter Shapero**
                                        **United States Bankruptcy Judge**